FILED
CLERK, U.S DISTRICT COURT
JUN 19 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL CARRASCO,<br><br>    Petitioner,<br><br>v.<br><br>LINDA SANDERS, Warden,<br><br>    Respondent. | No. CV 08-358-PSG (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, the Magistrate Judge's Final Report and Recommendation, the Objections to the Report and Recommendation, and all records in the file. Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: 6/18/08

_____
PHILLIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARRASCO,<br><br>Petitioner,<br><br>v.<br><br>LINDA SANDERS, Warden,<br><br>Respondent. | NO. CV 08-358-PSG (AGR)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Final Report and Recommendation to the Honorable Phillip S. Gutierrez, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that the Petition be denied without prejudice.

///
///
///
///
///
///
///

# I.
## SUMMARY OF PROCEEDINGS

Petitioner is incarcerated at the United States Penitentiary in Lompoc, California. (Petition at 2.)

On January 18, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 in which he raised one ground: Denial of consideration for placement in a Community Corrections Center under 18 U.S.C. § 3621(b) based on invalid regulations 28 C.F.R. §§ 570.20, 570.21. (Petition at 3.) Petitioner contends that 28 C.F.R. §§ 570.20 and 570.21 are invalid because they are in conflict with 18 U.S.C. § 3621(b). Based on these regulations, the Bureau of Prisons ("BOP") has refused to consider transferring Petitioner to a Community Corrections Center until, at the earliest, six months before the expiration of his sentence (September 7, 2009). Petitioner requests a transfer to the Albuquerque, New Mexico Community Corrections Center "during the last 18 months remaining on his sentence". (Petition, Memo at 14.)

On February 19, 2008, Respondent filed a motion to dismiss ("MTD") on three grounds: (1) failure to state a cognizable habeas claim; (2) failure to exhaust administrative remedies; and (3) lack of ripeness. On March 12, 2008, Petitioner filed an opposition.

On March 27, 2008, this Court issued a Report and Recommendation that recommended denial of Respondent's motion to dismiss the Petition.

On April 24, 2008, Respondent filed Objections to the Report and Recommendation. The Objections stated that on April 9, 2008, the President signed into law the Second Chance Act.

This Court now issues a Final Report and Recommendation that takes into account the Second Chance Act and its effect on the Petition. (*See infra* at 4.)

///

## II.

## DISCUSSION

### A. Federal Habeas Jurisdiction

Respondent first argues that this Court does not have habeas jurisdiction because Petitioner challenges the location of his confinement. Federal habeas relief is appropriate when "a state prisoner . . . challeng[es] the very fact or duration of his physical imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). In addition, the "unlawful[] confine[ment] in the wrong institution" is a cognizable claim under § 2241 because the petitioner "is being unlawfully subjected to physical restraint." *Id.* at 486 (citation and footnote omitted); *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) ("[P]etitions that challenge the manner, *location*, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.") (emphasis added) (citation omitted); *see also Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (same).

Because Petitioner challenges the location of his sentence, this Court has federal habeas jurisdiction.

### B. Exhaustion

Respondent next argues that the Petition should be dismissed for failure to exhaust administrative remedies. Petitioner acknowledges he has not exhausted his administrative remedies but argues futility because the Bureau of Prison's (BOP) policy on this issue is predetermined.

Exhaustion of remedies is not required under § 2241. *Rivera v. Ashcroft*, 394 F.3d 1129, 1139 (9th Cir. 2004). When, as here, exhaustion of remedies is not jurisdictional, "'the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust administrative remedies before proceeding in court.'" *Id.* (quoting *Brown v. Rison*,

///

3

895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55, 115 S. Ct. 2021, 132 L. Ed. 2d 46 (1995)).

The initial Report and Recommendation rejected the Respondent's exhaustion requirement because Petitioner had established futility based on the then-existing BOP regulations.[1]

Subsequently, however, the President signed the Second Chance Act into law on April 9, 2008. Among other things, 18 U.S.C. § 3624(c)(1) now reads:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term **(not to exceed 12 months)**, under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

///

///

---

[1] Respondent had argued that Petitioner could not establish futility because several circuits had already found the BOP regulations to be invalid and the BOP has shifted its position in some cases and may do so here. (MTD at 6.) Respondent relied on *Felty v. Clark*, 2007 WL 2438337 (N.D. Cal. Aug. 22, 2007.) However, *Felty* was distinguishable for two reasons. First, in *Felty*, the court rejected the petitioner's request to waive exhaustion because of "her unsupported contention that pursuit of administrative remedies would be a futile gesture." *Id.* at *1. Here, Petitioner's contention of futility was not unsupported. On November 15, 2007, he submitted an Inmate Request to Staff asking the prison to consider him for transfer without regard to the challenged regulations. (Petition, Exh. A.) On November 20, 2007, the prison denied his request, stating that it would not consider a transfer until March 12, 2009, "180 days prior to your projected release date." (*Id.*) Second, Respondent's contention that the BOP may consider Petitioner's case without regard to the challenged regulations was speculative and unsupported by any evidence. *Cf. Whistler v. Wrigley*, 2007 U.S. Dist. LEXIS 41452 at *18 (2007) (recommending motion to dismiss be granted after Respondent submitted declaration that it transferred Petitioner to halfway house after evaluating him without reference to invalid regulations). Accordingly, was apparent that it would have been futile for Petitioner to exhaust remedies under the old BOP regulations. *See Schuh v. Smith*, 2007 U.S. Dist. LEXIS 74310 *8 (E.D. Cal. 2007) ("it is apparent that it would be futile for Petitioner to exhaust his administrative remedies because he alleges he is being denied an immediate RRC placement based on formally-adopted BOP regulations").

Such conditions may include a community correctional facility.

(Emphasis added.)

Accordingly, the BOP is now authorized to consider placing inmates in a community correctional facility for up to the final 12 months of their sentences, as opposed to the previous limit of the final 6 months. The statute requires the BOP to issue new regulations no later than 90 days after passage of the Act. 18 U.S.C. § 3624(c)(6). In addition, 18 U.S.C. § 3624(c)(4) states that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."

On April 14, 2008, the BOP issued a Memorandum for Chief Executive Officers regarding "Pre-Release Residential Re-Entry Center Placements Following the Second Chance Act of 2007" (hereinafter "Memorandum"). The Memorandum states that 28 C.F.R. §§ 570.20 and 570.21 "are no longer applicable, and must no longer be followed." (Memorandum at 2.) In addition, Section 5 of the Program Statement 7310.04 "must be disregarded." (*Id.* at 3.) Significantly, the Memorandum further provides:

> Because the [Second Chance] Act increases the maximum available pre-release RRC placement timeframe to 12 months, Bureau staff must review inmates for pre-release RRC placements <u>earlier</u> than provided in PS 7310.04. Specifically, inmates must now be reviewed for pre-release RRC placements **17-19 months** before their projected release dates."

(Emphasis in original.)

Petitioner alleges, and Respondent agrees, that his projected release date is September 7, 2009. (Petition, Memorandum of Points and Authorities at 2; *see*
///

5

1 | *also* Vize Decl. ¶ 5.) It is now less than 16 months before Petitioner's projected
2 | release date.
3 |     Accordingly, Petitioner is currently eligible to be reviewed for pre-release
4 | RRC placement for not more than the final 12 months of his sentence. Petitioner
5 | can no longer establish futility to excuse exhaustion of his administrative
6 | remedies. It is therefore recommended that Petitioner be required to exhaust
7 | administrative remedies. *Rivera*, 394 F.3d at 1139.

8 |     **C.**    **Ripeness**

9 |     The purpose of the ripeness doctrine is to avoid "premature adjudication."
10 | *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49, 87 S. Ct. 1507, 18 L. Ed. 2d 681
11 | (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).
12 | To meet the ripeness standard, a plaintiff must show either a specific present
13 | objective harm or the threat of specific future harm. *Laird v. Tatum*, 408 U.S. 1,
14 | 14, 92 S. Ct. 2318, 33 L. Ed. 2d 154 (1972). Thus, "[a] claim is not ripe for
15 | adjudication if it rests upon contingent future events that may not occur as
16 | anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S.
17 | 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998) (citation and internal
18 | quotation marks omitted).

19 |     Respondent argued that the Petition is not ripe because, under the old
20 | regulations, Petitioner would not be eligible for consideration for release to a
21 | RRC. Given that the Second Chance Act has changed the law so that Petitioner
22 | is currently eligible to be reviewed for pre-release RRC placement for not more
23 | than the final 12 months of his sentence, Respondent's ripeness argument must
24 | be rejected. *See also Rosenstein v. Wiley*, 481 F. Supp. 2d 1201, 1204 (D. Colo.
25 | 2007) ("I find that there is a potential hardship to Mr. Rosenstein of withholding
26 | judicial consideration and decline to dismiss the Application on ripeness
27 | grounds") (citation omitted).
28 | ///

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; and (2) directing that Respondent's motion to dismiss the Petition for Writ of Habeas Corpus be granted and that the Petition be denied without prejudice.

DATED: May 16, 2008

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.